Weldon, J.,
delivered the opinion of the court:
In the year 1870, the levy court of the county of Washington, District of Columbia, made a contract with Albert Gleason to grade a road within its jurisdiction, for which he was to> be paid the sum of $1,600.
During the progress of the work, the funds of the court having become exhausted, the contractor refused toj'prosecute the work until he was paid in full the amount of the contract price.
In order to relieve the embarrassment of the situation, the original holder of the order in controversy (being interested in the convenience of the road), proposed to the contractor and the levy court that he would pay the amount of the balance-of the contract price to the contractor, which he did, by the consent of all parties, and took in the settlement of the work the order or due bill on which this suit is brought.
No brief has been filed for the defendant, but it was contended in the oral argument that the transaction involved the legal elements of a loan of money ; that the levy court had no-authority to borrow money, and therefore the execution of the paper was ultra vires, and void in law.
Conceding, for the purpose of this decision, that the levy court had no legal authority to borrow money, it does not follow that the plaintiff cannot recover in this case.
The levy court having the power to employ Gleason to do-the work, it had the right to pay him, and not having the money either at the end or during the progress of the work, it had a right to give him an order showing its indebtedness to him; and if he directed that such order be delivered to some third party, the court had perfect power to give the order to-such third party, if thereby the claim of Gleason against the defendant was extinguished.
We have deduced this view of the transaction from the evidence in the case, as will be seen by the findings of the court.
The statute giving this court jurisdiction of the claim provides that the court “ shall have original, legal, and equitable jurisdiction.”
The contract between Gleason and the levy court being free from all taint of illegality, under the broad jurisdiction of a. court of chancery, can there be any doubt of the right and duty *295 of the court to subrogate the rights and equities of the contractor to the benefit and behoof of the claimant ?
The defendant received the benefit of the labor of Gleason,, and has never paid any person for it; the order now stands as the representative of its indebtedness for that labor; and there is no reason either at law or in equity why the defendant should not pay.
It is therefore the judgment of the court that the plaintiff recover the sum of $494.